IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § § § § | Case No. 06-10860 (KG)  Chapter 11 |
| SANTA FE MINERALS, INC., | | |
| Debtor. | | |
| SANTA FE MINERALS, INC., | § § § § § § § § § § § § § | Adversary No. 06- |
| Plaintiff, | | |
| v. | | |
| BEPCO, L.P., formerly known as BASS ENTERPRISES PRODUCTION COMPANY, | | |
| Defendant. | | |

**VERIFIED COMPLAINT FOR DECLARATORY AND
PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

Plaintiff Santa Fe Minerals, Inc. ("Debtor" or "Santa Fe"), for its complaint against Defendant BEPCO, L.P., formerly known as Bass Enterprises Production Company ("Defendant" or "Bass") for declaratory and preliminary and permanent injunctive relief, respectfully avers as follows:

**FACTUAL BACKGROUND**

1. Plaintiff is a dissolved Wyoming corporation, and the debtor and debtor-in-possession in the referenced case pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. Defendant is, on information and belief, a Texas Limited Partnership with its principle office located in Texas.

SL1 662300v1/000000.00000

3. On August 16, 2006 ("Petition Date"), Debtor's immediate parent, 15375 Memorial Corporation (f/k/a GlobalSantaFe Holding Company), a Delaware corporation ("15375 Memorial"), filed its voluntary petition for relief under Chapter 11 with this Court (Case No. 06-10859). Later that day Debtor filed its voluntary petition.

4. On the Petition Date Debtor and 15375 Memorial each filed a motion in their respective cases to jointly administer the captioned Chapter 11 case with Case 06-10859.

5. Debtor, and 15375 Memorial, are debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This Court may hear and determine this Motion and this is a core matter under 28 U.S.C. § 157. Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

7. 15375 Memorial is the sole shareholder of Santa Fe. Santa Fe dissolved in December 2000 after a lengthy wind up process involving its then assets and then known liabilities. However, significant unanticipated contingent liabilities have arisen since Santa Fe's dissolution. Under Wyoming law 15375 Memorial may face exposure for claims against Santa Fe by virtue of its status as Santa Fe's sole shareholder.

8. All contingent claims against Santa Fe are, in effect, contingent claims against 15375 Memorial. 15375 Memorial does not face significant claims, in number or dollar value, aside from the claims that it faces as a result of being Santa Fe's sole shareholder.

9. Prior to the Petition Date Santa Fe had been sued in at least two actions in state courts in Louisiana and Oklahoma. In addition, 15375 Memorial also had been sued in state court in California.

10. In Louisiana, the owners of real property on which Santa Fe had once operated certain of its business activities sued Santa Fe, Bass and others in the 12th Judicial District Court for the Parish of Avoyelles, Louisiana (the "Louisiana State Court") captioned *William M. Tebow, et al., v. Bradex Oil & Gas, Inc., et al.*, Docket No. 2005-7728 (the "Louisiana Action").

11. After the commencement of the bankruptcy cases, the Plaintiffs in the State Court Action dismissed their claims against Santa Fe. Neither Bass nor any other co-defendant has pending claims against Santa Fe in the Louisiana State Court Action.

12. After Plaintiffs' dismissal of their claims, Bass sought, in effect, to assert indirect claims against Santa Fe, and also sought to assert control over property of Debtor's estate, by purporting to assert third party claims, including claims based on "alter ego" or "common enterprise" theories against certain of Debtor's parent and affiliated companies, including GlobalSantaFe Corporation, Entities Holding, Inc. and GlobalSantaFe Corporate Services, Inc. (the "Parent Entities").

13. On August 22, 2006, without seeking or obtaining relief from stay from this Court, Bass filed its *Exceptions and Answer to Third Supplemental And Amending Petition and Third Party Petition* (the "Third Party Complaint") in the Louisiana State Court Action. A true and correct copy of the Third Party Complaint is attached hereto as Exhibit A and is incorporated herein by reference.

14. In the Third Party Complaint Bass purported to assert "alter ego" or "common enterprise" claims against the Parent Entities (the "Debtor Claims").

15. On August 22, 2006, the Louisiana State Court summarily dismissed Bass's Third Party Complaint because Bass had not first sought leave from the Louisiana State Court to file

the Third Party Complaint. A true and correct copy of the order dismissing the Third Party Complaint is attached hereto as Exhibit B and is incorporated herein by reference.

16. Nevertheless, on August 23, 2006, again without seeking or obtaining relief from stay from this Court, Bass filed its Motion to Reinstate Third Party Demand in the Louisiana State Court Action, in which it again sought to assert the Debtor Claims. A true and correct copy of the Motion to Reinstate Third Party Demand is attached hereto as Exhibit C and is incorporated herein by reference.

17. By its Third Party Complaint and Motion to Reinstate Third Party Demand, Bass clearly purports to assert claims against the Parent Entities that are owned by Debtor and is part of Debtor's estate in this case. The Memorandum accompanying the Motion to Reinstate Third Party Demand is clear on this point, alleging that:

> Because Plaintiff's have dismissed Santa Fe, it is necessary that Santa Fe's Parents be made third-party defendants immediately. They will have the right to show, if they can, that Santa Fe owes nothing to Plaintiffs and that, *even if they would be vicariously liable for Santa Fe's debts*, they owe nothing because Santa Fe owes nothing. (emphasis supplied).

18. On August 30, 2006, by letter addressed to Bass's counsel in the Louisiana State Court Action, Debtor's counsel advised Bass that its actions in the Louisiana Action constituted willful violations of the automatic stay, subjecting Bass to damages, including punitive damages. A true and correct copy of Debtor's counsel's August 30, 2006, letter is attached hereto as Exhibit D and is incorporated herein by reference.

19. Bass's Motion to Reinstate Third Party Demand was set for hearing in the Louisiana State Courton September 6, 2006. On September 5, 2006, however, Bass removed the Louisiana Actionto the Federal District Court for the Western District of Louisiana, Alexandria

Division ("Louisiana Federal Court"). A true and correct copy of Bass's Notice of Removal of the Louisiana Action is attached hereto as Exhibit E.

20. According to Bass, the sole basis for its removal of the Louisiana Action is that the case "is related to and may affect the administration of Santa Fe's Bankruptcy Case." *See* Exhibit E, ¶7. When Bass removed the Louisiana State Court Action, however, there were no claims pending against Santa Fe or the Parent Entities, and Bass had not asked (and still has not asked) this Court to lift the stay to allow it to pursue such claims.

21. Bass also has moved the Louisiana Federal Court to transfer the Louisiana Action to the United States District Court for the District of Delaware (the "Motion to Transfer"). A true and correct copy of the Motion to Transfer is attached hereto as Exhibit F.

22. The Motion to Transfer shows that Bass is clearly aware that it must file a motion for relief from the automatic stay to lift the stay to pursue claims against Santa Fe or the Parent Entities, and that it chose not to do so. *See* Exhibit F, ¶¶ 6, 7, 12.

23. Bass has refused to cease and desist violating the stay. Its efforts in the Louisiana Action to assert indirect claims against the Debtor and to assert control over property of Debtor's estate show repeated willful violations of the stay that must be addressed by this Court.

### REQUEST FOR RELIEF

### COUNT I – Declaratory Judgment Under Section 541 of the Bankruptcy Code

24. Debtor incorporates the averments of Paragraphs 1 through 23 of the Complaint as if fully set forth at length herein.

25. The Debtor Claims are claims that Debtor may assert in this bankruptcy case.

26. Pursuant to Section 541 of the Bankruptcy Code, upon commencement of this bankruptcy case Debtor's estate consisted of "all legal or equitable interests of the debtor in property as of the commencement of the case."

27. Under applicable law the Debtor Claims are claims that could have been asserted by the Debtor prior to the commencement of this bankruptcy case.

28. Accordingly, the Debtor Claims are property of the Debtor's estate in this case under and pursuant to Section 541 of the Bankruptcy Code.

29. A bankruptcy filing automatically stays:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> *   *   *
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362(a)(1, 3).

30. In light of Bass's actions to date in the Louisiana State Court Action, Debtor is entitled to a declaratory judgment that (i) the Debtor Claims are claims that Debtor may assert in this bankruptcy case, (ii) pursuant to Section 541 of the Bankruptcy Code, the Debtor Claims are property of the Debtor's estate in this case; and (iii) that Bass's actions to date in the Louisiana Action constitute willful violations of the automatic stay subjecting Bass to damages, including punitive damages.

## Count II – Injunctive Relief Against Bass

31. Debtor incorporates the averments of Paragraphs 1 through 30 of the Complaint as if fully set forth at length herein.

32. Based on Bass's actions to date in the Louisiana State Court Action, Bass has demonstrated an inability to refrain from acting in a manner that does not violate the automatic stay and otherwise does not interfere with Debtor's estate and property rights under the Bankruptcy Code.

33. Accordingly, Debtor is entitled to preliminary and permanent injunctive relief enjoining Bass from acting in a manner that does not violate the automatic stay and otherwise does not interfere with Debtor's property rights under the Bankruptcy Code.

### Count III – Damages Against Bass

34. Debtor incorporates the averments of Paragraphs 1 through 33 of the Complaint as if fully set forth at length herein.

35. Pursuant to section 362(h) of the Bankruptcy Code:

> An individual injured by any willful violation of a stay provided by this section ***shall recover*** actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

36. Bass's actions to date in the Louisiana Action constitute willful violations of the automatic stay which have caused damage to Debtor as it has had to incur fees and costs and expend time and effort dealing with such willful violations.

WHEREFORE, Debtor respectfully requests:

1. A declaratory judgment that (i) that pursuant to section 541 of the Bankruptcy Code, the Debtor Claims against the Parent Entities are property of the Debtor's estate in this case; (ii) the Debtor Claims may be asserted exclusively in this bankruptcy case, (iii) that Bass's actions to date in the Louisiana Action constitute willful violations of the automatic stay subjecting Bass to damages, including punitive damages.

2. Preliminary and permanent injunctive relief enjoining Bass from acting in a manner that does not violate the automatic stay and otherwise does not interfere with Debtor's property rights under the Bankruptcy Code, specifically including an injunction prohibiting Bass from asserting any claims against the Debtor or the Parent Entities without first asking this Court to lift the stay.

3. Actual and punitive damages awarded to it and against Bass on account of Bass's willful violations of the stay.

4. Such other and further relief as the Court deems just and proper.

Dated: September 8, 2006

Respectfully submitted,

STEVENS & LEE, P.C.

/s/ John D. Demmy
John D. Demmy (No. 2802)
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 654-5180
Fax: (302) 654-5181
E-mails: jdd@stevenslee.com
tgw@stevenslee.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

# VERIFICATION

David E. Faure, the Vice President and Assistant Secretary of 15375 Memorial Corporation, sole shareholder of Santa Fe Minerals, Inc., a dissolved Wyoming Corporation, does hereby verify that the allegations of fact set forth in the foregoing Verified Complaint For Declaratory And Preliminary And Permanent Injunctive Relief are true and correct to the best of his knowledge, information and belief.

_____
David E. Faure

STATE OF DELAWARE    )
    ) : SS.
NEW CASTLE COUNTY    )

_Stephanie L. Foster_
Notarial Officer
Print Name: Stephanie L. Foster
My commission expires: February 3, 2007

```
STEPHANIE L. FOSTER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires February 3, 2007
```