IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| 15375 MEMORIAL CORPORATION, *et al.*, ) | |
| ) | Case No. 06-10859 (KG) |
| Debtor. ) | |
| ) | Jointly Administered |
| ) | |
| SANTA FE MINERALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 06-50822 (KG) |
| ) | |
| BEPCO, L.P., formerly known as BASS ) | |
| ENTERPRISES PRODUCTION COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| GLOBALSANTAFE CORPORATION, ) | |
| GLOBALSANTAFE CORPORATE SERVICES, ) | |
| INC., and ENTITIES HOLDINGS, INC., ) | |
| ) | |
| Intervenors. ) | |

**SECOND SCHEDULING ORDER WITH RESPECT TO PENDING
ADVERSARY PROCEEDING COMMENCED BY DEBTOR SANTA FE
MINERALS, INC. AND THE MOTIONS FILED BY BEPCO, L P. F/K/A
BASS ENTERPRISES PRODUCTION COMPANY ON SEPTEMBER 29, 2006**

WHEREAS, on August 16, 2006, 15375 Memorial Corporation ("Memorial") and Santa Fe Minerals, Inc. ("SFMI," and, collectively with Memorial, "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code;

WHEREAS, on September 8, 2006, SFMI commenced the adversary proceeding captioned *Santa Fe Minerals, Inc. v. BEPCO, L. P. f/k/a Bass Enterprises Production Company*,

Adv. No. 06-50822 (the "Adversary Proceeding"), by the filing of a complaint against BEPCO, L.P. f/k/a Bass Enterprises Production Company ("Bass");

WHEREAS, on September 8, 2006, SFMI filed its *Motion for Preliminary Declaratory and Injunctive Relief* and related memorandum of law (Adv. D.I. 3 & 4) (collectively, the "PI Motion");

WHEREAS, on September 29, 2006 Bass filed the *Motion of BEPCO, L.P. f/k/a Bass Enterprises Production Company, For Order (i) Dismissing Debtors' Chapter 11 Cases For Bad Faith, Cause Under 11 U.S.C. § 1112(b) and Ineligibility Under 11 U.S.C. § 109, (ii) Dismissing or Suspending Debtors' Chapter 11 Cases Under 11 U.S.C. § 305(a)(1), (iii) Converting Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112(b), (iv) Appointing A Trustee Pursuant to 11 U.S.C. § 1104(a), or (v) Appointing An Examiner Pursuant to 11 U.S.C. § 1104(c)* and a related memorandum of law in support thereof (D.I. 21 & 22) (collectively, the "Dismissal/Conversion/Trustee Motion");

WHEREAS, on September 29, 2006, Bass filed the *Motion For Modification Of The Automatic Stay Under 11 U.S.C. § 362* and a related memorandum of law in support thereof (D.I. 23 & 26) (collectively, the "Stay Relief Motion");

WHEREAS, on October 6, 2006, GlobalSantaFe Corporation, Entities Holdings, Inc. and GlobalSantaFe Corporate Services, Inc. (together, the "GlobalSantaFe Entities," and collectively with Bass and the Debtors, the "Parties") filed a motion to intervene in the Adversary Proceeding and a related memorandum of law in support thereof (Adv. D.I. 11 & 12);

WHEREAS, on October 10, 2006, the Court entered the *Order Setting Schedule with Respect to Pending Adversary Proceeding and with Respect to the Motions Filed by BEPCO, L.P. f/k/a Bass Enterprises Production Company* (D.I. 45) (the "First Scheduling Order");

WHEREAS, on October 24, 2006, the Court entered an Order (Adv. D.I. 27) authorizing intervention by the GlobalSantaFe Entities in the Adversary Proceeding, subject to the terms and conditions stated therein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. A hearing (the "Hearing") shall be convened starting at 9:30 a.m. (prevailing Eastern time) on January 24, 2007, and shall continue, if necessary, through and including January 25, 2007. Except as otherwise ordered by the Court, the Hearing shall be a final hearing on: (a) the PI Motion; (b) the Dismissal/Conversion/Trustee Motion; and (c) the Stay Relief Motion (collectively, the "Hearing Matters"). Post-Hearing briefing will be filed on a schedule to be set by the Court after conclusion of the Hearing.

2. The Parties shall file a joint pre-trial stipulation with respect to the Hearing Matters by January 16, 2007 by 4:00 p.m. (prevailing Eastern time). Any supplemental pre-hearing briefing by the Parties shall be filed by this deadline.

3. A pre-trial conference with respect to the Hearing Matters shall be held on January 17, 2007, at 2:00 p.m. (prevailing Eastern time). The pre-trial conference presently scheduled for November 28, 2006 is cancelled.

4. Unless otherwise ordered by the Court or agreed to by the Parties, all discovery with respect to the Hearing Matters, including any depositions, shall be completed on or before January 10, 2006.

5. The Parties are authorized to take discovery with respect to the Hearing Matters and shall use their reasonable good faith efforts to (i) respond to written discovery, and (ii) to secure the availability of any witnesses for depositions to take place in a timely fashion, all to enable the parties reasonable time to confer and prepare and file the joint pre-trial stipulation by the January 16, 2007, deadline. Such efforts and this order requiring reasonable good faith

efforts is without prejudice to any Party's rights, including, but not limited to, the right to lodge objections to any discovery propounded or sought. For the avoidance of doubt, nothing in this decretal paragraph excuses any Party from complying with its obligations under any applicable Federal Rule Bankruptcy Procedure, Federal Rule Civil Procedure, Local Bankruptcy Rule or standing or other Order of this Court. \*

6. Any Party may seek the Court's involvement in connection with discovery or other disputes that may arise between or among the Parties, if any, by request for teleconference or at the omnibus hearing in Debtors' cases scheduled for December 19, 2006, at 1:00 p.m. (prevailing Eastern time), subject to reasonable notice and without prejudice to any Party's right to object to any proceedings in connection with alleged disputes on notice or other procedural grounds.

7. This Order supersedes and replaces the First Scheduling Order to the extent, if any, that the First Scheduling Order is inconsistent herewith.

Dated: November 27, 2006

\* In the event any party requires relief, such party shall request a teleconference with the Court.

_____
Hon. Kevin Gross
United States Bankruptcy Judge

546510