# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| 15375 MEMORIAL CORPORATION, *et al.*, ) | |
| ) | Case No. 06-10859 (KG) |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ─────────────────────────── ) | |
| ) | |
| SANTA FE MINERALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 06-50822 (KG) |
| ) | |
| BEPCO, L.P., formerly known as BASS ) | |
| ENTERPRISES PRODUCTION COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| GLOBALSANTAFE CORPORATION, ) | |
| GLOBALSANTAFE CORPORATE ) | |
| SERVICES, INC. AND ENTITIES ) | |
| HOLDINGS, INC., ) | |
| ) | |
| Intervenors. ) | |
| ─────────────────────────── ) | |

## STIPULATION AND AGREEMENT PROVIDING FOR A CONTINUANCE OF PENDING LITIGATION AND ADDRESSING RELATED MATTERS

This stipulation and agreement (the "Stipulation") is made and entered into as of this 2nd day of July 2007 (the "Effective Date") by and among (a) BEPCO, L.P., f/k/a Bass Enterprises Production Company ("BEPCO"), (b) 15375 Memorial Corporation ("Memorial") and Santa Fe Minerals, Inc. ("Santa Fe," and together with Memorial, the "Debtors"), debtors and debtors-in-possession, and (c) GlobalSantaFe Corporation, Entities Holdings, Inc. and GlobalSantaFe Corporate Services Inc. (collectively, "GlobalSantaFe"), subject to the approval of the Court. The Debtors, GlobalSantaFe and BEPCO are referred to herein, collectively, as the

"Parties".

RECITALS:

A. On September 8, 2006, Santa Fe commenced the adversary proceeding captioned Santa Fe Minerals, Inc. v. BEPCO, L.P., f/k/a Bass Enterprises Production Company, Adv. No. 06-50822 (the "Adversary Proceeding"), by the filing of a complaint against BEPCO [Adv. D.I. 1] (the "Complaint").

B. On September 8, 2006, in the Adversary Proceeding, Santa Fe filed its Motion for Preliminary Declaratory and Injunctive Relief and a related memorandum of law in support thereof [Adv. D.I. 3 & 4] (the "Injunction Motion").

C. On September 29, 2006, BEPCO filed the Motion of BEPCO, L.P. f/k/a Bass Enterprises Production Company, for Order (I) Dismissing Debtors' Chapter 11 Cases for Bad Faith, Cause Under 11 U.S.C. § 1112(b) and Ineligibility Under 11 U.S.C. § 109, (II) Dismissing or Suspending Debtors' Chapter 11 Cases Under 11 U.S.C. § 305(a)(1), (III) Converting Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112(b), (IV) Appointing a Trustee Pursuant to 11 U.S.C. § 1104(a), or, (V) Appointing an Examiner Pursuant to 11 U.S.C. § 1104(c) and a related memorandum of law in support thereof [D.I. 21 & 22] (the "Dismissal/Conversion Motion").

D. On September 29, 2006, BEPCO filed the Motion for Modification of the Automatic Stay Under 11 U.S.C. § 362 and a related memorandum of law in support thereof [D.I. 23 & 26] (the "Stay Relief Motion").

E. On October 6, 2006, GlobalSantaFe filed a motion to intervene in the Adversary Proceeding and a related memorandum of law in support thereof [Adv. D.I. 11 & 12], which attached as an exhibit GlobalSantaFe's proposed complaint in intervention (the

2

"Intervention Complaint"). The Adversary Proceeding, the Complaint, the Injunction Motion, the Dismissal/Conversion Motion, the Stay Relief Motion, the Intervention Complaint and all other requests for relief, objections and responses related thereto pending before this Court are referred to herein collectively as the "Pending Disputed Matters".

F. On October 24, 2006, the Court entered an Order [Adv. D.I. 27] authorizing intervention by GlobalSantaFe in the Adversary Proceeding, subject to the terms and conditions stated therein.

G. The Court has scheduled a trial with respect to certain of the Pending Disputed Matters to commence on July 11, 2007 (the "Trial").

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1. The Trial shall be continued from July 11, 2007, until September 17, 2007 (the "Rescheduled Trial"). New dates shall be established for (a) a pre-trial conference, (b) the submission of a revised pre-trial stipulation, if appropriate, and (c) the submission of pre-trial briefs, if appropriate. The Parties are directed to confirm and submit proposed dates to the Court as soon as practicable following approval of this Stipulation. A schedule for post-trial briefing, if appropriate, shall be determined after the conclusion of the Rescheduled Trial.

2. Pending the Rescheduled Trial, there shall be "standstill" among the parties such that, except as herein below provided, no additional discovery shall be conducted and no motions or other pleadings will be filed with respect to the Pending Disputed Matters now before the Court or any other matters among the parties hereto.

3. The matters now scheduled for Trial on July 11, 2007 will be heard at the Rescheduled Trial before any other motions, claims objections, or other matters now pending or

hereafter filed. Notwithstanding the foregoing, Debtors shall be entitled to schedule a hearing on their motion for summary judgment with respect to BEPCO's proofs of claim (he "Claim Motion") for a date which is at least ten days after the Rescheduled Trial. BEPCO reserves its right to oppose proceeding on the Claim Motion.

4. Pending the Rescheduled Trial, the Parties shall meet, discuss, and explore in good faith resolution of all pending matters in the bankruptcy proceedings including, but not limited to, the nature, availability and extent of the liability insurance coverage of Debtors and GlobalSantaFe. Nothing contained herein in regards to the Parties' agreement to discuss a good faith resolution shall be deemed as a commitment by any of the Parties to take any particular action with respect to such matters.

5. As of the Effective Date there shall be a tolling of any prescription statutes, statutes of limitation and statutes of repose that otherwise have not already expired, running against any claim by BEPCO against any one or more of Debtors and GlobalSantaFe relating to *Tebow v. Bradex, et al.*, No. 2005-7728 in the 12th Judicial District Court of the Parish of Avoyelles, State of Louisiana ("the Tebow Litigation"). Such prescription statutes, statutes of limitation and statutes of repose shall be tolled from the Effective Date until the date of the Rescheduled Trial, and such period shall not be considered. This standstill agreement does not constitute an admission by any of Debtors and GlobalSantaFe that BEPCO has any valid claim against any one or more of them nor the amount of such claim. Debtors and GlobalSantaFe do not agree that any claim which is already barred by prescription, or the running of any statute of limitations or statute of repose is revived by this Stipulation, nor does BEPCO agree that any such claim is so barred. Further, this Stipulation is without prejudice to the effects, if any, of the operation of 11 U.S.C. § 108 to independently stay any prescription or the running of any statute

4

of limitations or statute of repose.

6. The Parties agree Mr. W. Frank McCreight may be designated as a witness for the Rescheduled Trial, subject to Debtors and GlobalSantaFe right to object to such designation (a) to the extent they are not permitted to take Mr. McCreight's deposition on reasonable notice prior to the Rescheduled Trial and (b) to the extent Debtors and GlobalSantaFe are not provided documents related to the subject matters for which Mr. McCreight has been designated by BEPCO as requested by Debtors and GlobalSantaFe, with the Court to resolve any disputes relating to such matters raised by objection by any of the Parties in advance of the Rescheduled Trial.

7. Debtors' exclusive periods ("Exclusivity") to file a plan of reorganization may be extended through and including October 17, 2007, and the Debtors' exclusive period in which to solicit acceptances of such a plan shall be extended through December 16, 2007. Subject to approval by the Court, the Parties agree that notwithstanding the March 26, 2007, Order of the Court (D. I. 160), Debtors may file a proposed chapter 11 plan ~~prior to the Rescheduled Trial~~ ("Plan Filing"). If a plan is filed prior to the conclusion of the Rescheduled Trial, it shall not be filed later than August 28, 2007. No party shall seek approval of a disclosure statement or confirmation of a plan until thirty days after September 20, 2007.

8. This stipulation is intended to address procedural issues with respect to the Pending Disputed Matters, Exclusivity and Plan Filing and not to affect any of the Parties' substantive rights. The Court shall retain jurisdiction to construe and implement the terms of this Stipulation.

9. Nothing in this Stipulation shall constitute an admission relating to any matter including without limitation the Pending Disputed Matters. In the event that this Stipulation is not approved by the Court, the Stipulation shall be deemed null and void and shall

SL1 734331v1/000000.00000

not be admissible, and may not be used in any manner, in this or any other case, proceeding or action for any purpose whatsoever.

10. Should any provision of this Stipulation require interpretation or construction, it is agreed that because all Parties, by their respective attorneys, have fully participated in the preparation of all provisions of this Stipulation, any arbitrator or judge who interprets or construes this Stipulation shall not apply any presumption based upon the rule of construction that a document is to be construed more strictly against the Party who itself or through its agents prepared such document.

11. This Stipulation, constitutes the entire agreement between the Parties with respect to the subject matter hereof, supersedes any prior agreements and understandings between the Parties, whether written or oral, with respect to the subject matter hereof and shall bind and benefit the Parties and their respective predecessors, successors and assigns.

[CONTINUED NEXT PAGE]

12. This Stipulation may be executed in one or more counterparts, including by facsimile or electronic mail, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument. Each Party covenants, represents and warrants that such counterparts need not include the signature/verification page for any other Party, that the Parties may combine the signed counterparts into a single document by attaching all of the executed signature/verification pages to a single copy or original of this Stipulation, and that the foregoing shall not affect the validity of this Stipulation.

Dated: July 3, 2007

STEVENS & LEE, P.C.

*/s/ John D. Demmy*

John D. Demmy (DE No. 2802)
John C. Kilgannon (PA No. 82263)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
(302) 425-3308

Counsel for Debtors

MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

*/s/ Gregory W. Werkheiser*

Gregory W. Werkheiser (DE No. 3553)
Kelly M. Dawson (DE No. 4786)
1201 North Market Street
Post Office Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

-and-

CARVER DARDEN KORETZKY TESSIER
FINN BLOSSMAN & AREAUX, L.L.C.
M. Hampton Carver (LA #4546)
Stephen Rose (LA #114600)
Leann Opotowsky Moses (LA #19439)
1100 Poydras Street - Suite 2700
New Orleans, LA 70163
Telephone: (504) 585-3800

Co-Counsel for BEPCO, L.P., formerly known
as Bass Enterprises Production Company

WOMBLE CARLYLE SANDRIDGE & RICE
A Professional Limited Liability Company

*/s/ Kevin J. Mangan*

Francis A. Monaco, Jr. (DE No. 2078)
Kevin J. Mangan (DE No. 3810)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
~~(336) 721-3600~~
(302) 252-4361

-and-

LOCKE LIDDELL & SAPP LLP
Philip G. Eisenberg (TX No. 24033923)
Omer F. Kuebel, III (LA No. 21682)
3400 JPMorgan Chase Tower
600 Travis Street
Houston, TX 77002
(713) 226-1200

Counsel for GlobalSantaFe

SO ORDERED
this 3rd day of July

*/s/ Kevin Gross*

The Honorable Kevin Gross
United States Bankruptcy Judge

8

SL1 734331v1/000000.00000