

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>15375 MEMORIAL CORPORATION, *et al.*,<br>Debtors. | Chapter 11<br>Case No. 06-10859 (KG)<br>(Jointly Administered)<br>**Re: D.I. 584** |
| SANTA FE MINERALS, INC.,<br>Plaintiff,<br>v.<br>BEPCO, L.P., formerly known as BASS ENTERPRISES PRODUCTION COMPANY,<br>Defendant.<br>GLOBALSANTAFE CORPORATION, GLOBALSANTAFE CORPORATE SERVICES INC. AND ENTITIES HOLDINGS, INC.,<br>Intervenors. | Adversary No. 06-50822 (KG)<br>**Re: Adv. D.I. 265** |

### ADDITIONAL SANCTIONS FEE JUDGMENT AGAINST TRANSOCEAN/GSF ENTITIES PURSUANT TO ORDER IMPOSING SANCTIONS PURSUANT TO FED. R. BANKR. P. 9011, 11 U.S.C. § 105(a), THE COURT'S INHERENT POWER AND 28 U.S.C. § 1927

WHEREAS, on June 14, 2010, this Court entered the Order Imposing Sanctions Pursuant To Fed. R. Bankr. P. 9011, 11 U.S.C. § 105(a), The Court's Inherent Power And 28 U.S.C. § 1927, dated June 14, 2010 (Bankr. D.I. 584; Adv. D.I. 265) (the "Sanctions Order"),[1]

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Sanctions Order.

which, *inter alia,* directs the Transocean/GSF Entities[2] to reimburse BEPCO, L.P. ("BEPCO") for all reasonable attorneys' fees and expenses that have been or may incurred by BEPCO in connection with preparing, filing, serving and prosecuting the Sanctions Motion (including, but not limited to, BEPCO's statements in further support of the Sanctions Motion filed after the March 10, 2010 hearing in the above-captioned cases and proceeding) that are in addition to those identified on Exhibit A to the Sanctions Order (collectively, the "Additional Sanctions Motion Fees");

WHEREAS, BEPCO timely filed the following on June 17, 2010, certifying to the Additional Sanctions Motion Fees incurred by BEPCO: (a) the Declaration Of Phillip A. Wittmann, Esquire, Of Stone Pigman Walther Wittmann L.L.C. For Additional Sanctions Motion Fees Pursuant To Order Imposing Sanctions Pursuant To Fed. R. Bankr. P. 9011, 11 U.S.C. § 105(a), The Court's Inherent Power And 28 U.S.C. § 1927 (the "Wittmann Declaration"); (b) the Declaration Of Gregory W. Werkheiser, Esquire, Of Morris, Nichols, Arsht & Tunnell LLP For Additional Sanctions Motion Fees Pursuant To Order Imposing Sanctions Pursuant To Fed. R. Bankr. P. 9011, 11 U.S.C. § 105(a), The Court's Inherent Power And 28 U.S.C. § 1927 (the "Werkheiser Declaration"); and (c) BEPCO's Notice of Submission of Proposed Form of Judgment (the "Proposed Judgment Notice"); and

WHEREAS, the Court has duly considered the Wittmann Declaration and the fee statements annexed thereto, the Werkheiser Declaration and the fee statements annexed thereto and the Proposed Judgment Notice.

---

[2] The "Transocean/GSF Entities" are: (i) Transocean Worldwide Inc. as the successor by amalgamation to GlobalSantaFe Corporation, (ii) GlobalSantaFe Corporate Services Inc., and (iii) Entities Holdings, Inc.

NOW, THEREFORE, the Court finds and determines as follows:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)

C. Notice of the submission of the Wittmann Declaration, the Werkheiser Declaration and the proposed form of this judgment has been due and sufficient under the circumstances. The Transocean/GSF Entities and other parties in interest have been provided an opportunity for a hearing concerning entry of this judgment.

D. The Additional Sanctions Motion Fees identified in the Wittmann Declaration, the Werkheiser Declaration and the respective statements annexed thereto are reasonable under the circumstances and consist of attorneys' fee and expenses incurred by BEPCO in connection with preparing, filing, serving and/or prosecuting the Sanctions Motion (including, but not limited to, BEPCO's statements in further support of the Sanctions Motion filed after the March 10, 2010 hearing in the above-captioned cases and proceeding).

E. Good cause exists for the issuance of this judgment in furtherance of implementing the Sanctions Order.

IT IS HEREBY ORDERED THAT:

1. Judgment is entered in favor of BEPCO and against the Transocean/GSF Entities for Additional Sanctions Motion Fees in the amount of $92,089.55.

2. Within later of (x) thirty (30) days of entry of the Sanctions Order or (y) seven (7) days after entry of this judgment, the Transocean/GSF Entities shall reimburse BEPCO for the Additional Sanctions Motion Fees in the amount of $92,089.55, which amount shall be in

addition to the attorneys' fees and expenses awarded pursuant to paragraph 3 of the Sanctions Order. From and after the entry of this judgment and until such time as BEPCO shall have been indefeasibly reimbursed in full for all such Additional Sanctions Motion Fees (plus post-judgment interest on the amount thereof calculated at the federal post-judgment rate prescribed in 28 U.S.C. § 1961), each Transocean/GSF Entity shall be jointly and severally liable to BEPCO for the full amount thereof (plus interest).

3. Notwithstanding any dismissal or closing of the Debtors' bankruptcy cases, this Court shall retain jurisdiction to adjudicate all matters arising from or relating to the interpretation, implementation and/or enforcement of this judgment.

Dated: Wilmington, Delaware
July 6, 2010

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3616873.1